## CRICK *v.* McCLINTIC.

Where the defendan' took exceptions to a deposition, which had been taken by plaintiff, but before the question was decided waived his exception and offered to read the deposition in his own behalf; held, that the court erred in rejecting the deposition.

A deposition, properly taken, may be used on the trial in the same manner as the testimony of a witness.

### Appeal from Jefferson District Court.

*Opinion by* HALL, J. McClintic sued Crick, in the court below for slander ; charge of theft. The plaintiff took the deposition of one Long, to which defendant below excepted, and submitted his exceptions to the court. Before the court decided the exceptions, or made any ruling upon the question, the plaintiff closed his evidence and the defendant was submitting his evidence to the jury, when the defendant offered to read the deposition in his behalf ; the defendant waived, and the plaintiff submitted to the exception simultaneously. The court refused to let the defendant read the deposition ; the defendant excepted, and assigns that ruling for error.

Depositions, when properly taken, take the place of the witness in court, and can be used by either party in like

manner. Section 2464 of the Code, provides that "all motions to exclude depositions must be made before the commencement of the trial, or objections to their introduction will be deemed waived." The plaintiff below, took no exceptions to the depositions excluded by the court. The defendant waived those which he had interposed; there was, then, no objection whatever to it. It took the place of the witness, and the court could as well exclude the evidence of a witness without objection as a deposition.

Judgment reversed.

*Charles Negus*, for appellant.

*Slagle* and *Acheson*, for appellee.